IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

DAER HOLDINGS, LLC, MICHAEL
PETERS, and DAVID SLAVINSKY,

        Plaintiffs,

vs.                                            CASE NO. 09-CA-022522

CENTURY BANK, FSB and CENTURY
FINANCIAL GROUP, INC.,

        Defendants.
_____/

## DEFENDANT'S, CENTURY BANK, FSB, ANSWER AND AFFIRMATIVE DEFENSES

### I. Introduction

**COMES NOW** the Defendant, CENTURY BANK, FSB, by and through its undersigned attorney, and files this Answer and Affirmative Defenses to the Complaint as follows:

### II. Answer

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Without knowledge and therefore denied.

4. Admitted at time of filing of Complaint. Federal Deposit Insurance Corporation was appointed Receiver of Defendant on November 13, 2009.

5. Without knowledge and therefore denied.

6. Admitted for jurisdictional purposes only.

7. Admitted for jurisdictional purposes only.

8. See answers above.

9. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

10. Denied.

11. Admitted.

12. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

13. Denied.

14. Admitted as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

15. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

16. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

17. Denied as phrased.

18. Admitted for jurisdictional purposes only.

19. See answers above.

20. Denied.

21. Denied.

22. Admitted for jurisdictional purposes only.

23. See answers above.

24. Denied.

25. Denied as phrased.

26. Denied.

27. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

28. Denied.

29. Denied.

30. Denied.

31. Admitted for jurisdictional purposes only.

32. See answers above.

33. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

34. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

35. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

36. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

37. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

38. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

39. Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

40. Admitted for jurisdictional purposes only.

41.  See answers above.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Admitted for jurisdictional purposes only.

46.  See answers above.

47.  Denied as phrased.

48.  Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

49.  Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

50.  Denied as to this Defendant. Without knowledge and therefore denied as to the remaining defendants.

51.  Denied.

WHEREFORE, Defendant demands its costs and attorney's fees in defending this action.

### III. Defenses and Affirmative Defenses

Without waiver or admission of any kind, Defendant asserts the following defenses and affirmative defenses:

1.  *Failure to State Claim*:  Plaintiffs fail to state a cause of action against Defendant upon which relief can be granted.  Further, Plaintiffs fail to allege sufficient ultimate facts establishing any claim against Defendant.

2.  *Bad Faith/Breach of Contract*:  Plaintiffs have acted in bad faith by,

among other things, breaching the terms of their written agreement(s) with Defendant, and should not be permitted to avoid liability by asserting statutory or common law claims against Defendant.

3. *Unclean Hands*: Plaintiffs' claims are precluded because of their unclear hands for, among other reasons, the reasons stated in paragraph 2 above.

4. *Estoppel*: Plaintiffs are stopped from asserting the claims in the Complaint for, among other reasons, the reasons stated in paragraph 2 above.

5. *Waiver and/or Release*: Plaintiffs have waived and/or released the right to bring the claims asserted in the Complaint for, among other reasons, the reasons stated in paragraph 2 above.

6. *Statute of Limitations*: Plaintiffs' claims are barred to the extent they exceed the applicable statute of limitations, including those provided under Florida Statute § 95.11.

7. *Voluntary Agreement*: Plaintiffs' claims are barred, in whole or in part, by their binding, voluntary agreement to the terms and conditions of their written agreements as referenced in paragraph 2 above.

8. *No Oral Modification*: To the extent Plaintiffs allege that Defendant modified written agreement(s) orally or otherwise modified or created an oral credit agreement, any such claim is precluded by the prior written agreement between the parties.

9. *Statutes of Frauds*: To the extent Plaintiffs allege agreements or representations made to them that are not expressly contained in a writing, such agreements or representations are barred by the statute of frauds. *See* Florida Statute §

687.0304(3)(a)(3); *see also* Florida Statute § 725.01. Florida's state of frauds also prohibits an action on a credit agreement unless that agreement is signed by both the creditor and debtor. *See* Florida Statute § 687.0304(2).

10. *Parol Evidence Rule*: To the extent Plaintiffs seek to introduce evidence modifying or contradicting written agreement(s), the parol evidence rule bars any evidence that seeks to modify or contradict a written document intended by the parties to be a final embodiment of their agreement.

11. *No Reasonable Reliance*: Assuming for this defense that oral or written pre-contractual representations were made and are binding upon Defendant, any reliance on such representations that are different from what is stated in the written agreement(s) would be unreasonable as a matter of law.

12. *No Reliance*: Assuming for this defense that oral or written pre-contractual representations were made and are binding upon Defendant, Plaintiffs did not rely on any such representations.

13. *No Injury or Damage*: Plaintiffs have not been damaged or harmed by the conduct alleged in the Complaint.

14. *Failure to Mitigate Damages*: Plaintiffs' claims are barred because and to the extent that they failed to mitigate damages.

15. *Truth, Good Motive, and/or Fair Comment*: Plaintiffs' claims are barred because the underlying actions giving rise to the alleged incidents of libel and slander were true, and/or Defendant had good motive, and/or the alleged incidents of libel and slander were fair comment.

16. *Prior Knowledge*: Assuming for this defense that oral or written pre-

contractual representations were made and are binding upon Defendant, Plaintiffs ratified and confirmed the same after learning those certain representation(s) were false.

17. *Set-Off and Reduction*: Defendant is entitled to receive a set-off and reduction against any amounts recovered by Plaintiffs from any other party in connection with the claims alleged in the Complaint.

18. *Reservation*: Defendant reserves the right to assert and additional defenses and affirmative defenses based on information or knowledge obtained through the course of litigation

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail and Facsimile to Paul DeCailly, Esq., whose address is 3111 W. Dr. MLK Jr., Suite 100, Tampa, FL 33607, this 27th day of August, 2010.

Ryan L. Snyder
Florida Bar No. 0010849
Attorney for Century Bank, FSB/FDIC
SNYDER LAW GROUP, P.A.
11031 Gatewood Drive
Bradenton, FL 34211
Telephone: (941) 747-3456
Facsimile: (941) 747-6789
E-mail: ryan@snyderlawgroup.com